# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **EVER CHEVEZ,** | * |
| Plaintiff, | * |
| v. | *     Case No.: PWG-13-2457 |
| **STEEL PRODUCTS, INC.,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses the Motion to Dismiss and Memorandum in Support that Defendants Steel Products, Inc. ("SPI") and Denise Johns filed, ECF Nos. 19 & 19-1; Plaintiffs Alfonso Pierre and Ever Chevez's Opposition, ECF No. 23; and Defendants' Reply, ECF No. 29. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendants' Motion is GRANTED IN PART and DENIED IN PART AS MOOT.

## I. BACKGROUND

Plaintiff Chevez filed suit, *pro se*, against SPI in the District Court of Maryland for Montgomery County on June 7, 2012. State Dist. Ct. Compl., Defs.' Mem. Ex. 1, ECF No. 19-2; State Dist. Ct. Docket, Defs.' Mem. Ex. 4, ECF No. 19-5. He claimed:

> I worked for [S]teel [P]roduct [I]nc. for almost 5 years. [T]here were weeks w[h]ere I worked more than 40 hrs a week and didn't get paid overtime. [A]nd some of these schools that I worked were required to pay scale and [I] never get paid the right amount of money that was required for the state.

State Dist. Ct. Compl. SPI moved for summary judgment or, alternatively, for dismissal. State Dist. Ct. Mot. 1, Defs.' Mem. Ex. 2, ECF No. 19-3. Chevez retained an attorney and moved for a continuance of the trial date, which the state district court granted on August 23, 2012 "for [the] specific purpose of allowing plaintiff's [attorney] to file [an] amended complaint." State Dist. Ct. Cmts./Hr'g, Defs.' Mem. Ex. 3, ECF No. 19-4. At trial on October 4, 2012, Chevez once again sought a continuance because his attorney was not available. *Id.* Noting that Chevez's counsel had not notified the court previously of his conflict, the court denied the continuance. *Id.* The court then granted SPI's motion to dismiss "with prejudice" because, despite the continuance that the court granted in August to allow for amendment, Chevez's counsel never filed an amended complaint. *Id.*

Chevez, through counsel, filed an appeal in the Circuit Court for Montgomery County on November 16, 2012. Pls.' Opp'n Ex. 1, State Cir. Ct. Docket 1–2, ECF No. 23-1. At a January 17, 2013 hearing, Chevez's counsel made an oral motion to dismiss, which the court granted. *Id.* at 3. According to Chevez, he dismissed his circuit court appeal "for the specific purpose of allowing Mr. Hec[h]t [Chevez's counsel] to re-file Plaintiff Chevez's Complaint in the Circuit Court (as opposed to proceeding with the *pro se* Complainti drafted by Plaintiff Chevez)." Pls.' Opp'n 2.

Immediately following the dismissal of Chevez's appeal, on January 17, 2013, Plaintiffs Pierre and Chevez filed suit against SPI, as well as Johns, in the Circuit Court for Montgomery County. Compl., ECF No. 2. They amended their complaint on July 17, 2013, ECF No. 14. Plaintiffs alleged that SPI, their employer, failed to pay them agreed-upon wages, in breach of their employment contracts and in violation of the Maryland Wage Payment and Collection Law, Md. Code Ann, Lab. & Empl. §§ 3-501 – 3-509, and failed to pay them overtime wages, in

violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219, and Maryland Wage and Hour Law, Lab. & Empl. §§ 3-401 – 3-431. Am. Compl. ¶¶ 4, 8–9, 14, 18, 26, 32, 40 & 48. According to Plaintiffs,

> Johns is, and was at all times relevant, the President and principal owner of the SP[I]. At all times, Johns was Plaintiffs' supervisor and independently made all decisions related to Plaintiffs' rate and method of pay. At all times, Johns was in charge of all day-to-day operations of SP[I].

*Id.* ¶ 3. Defendants removed to this Court. ECF No. 1.

Plaintiff Pierre accepted an Offer of Judgment, ECF No. 24, and I entered a Consent Order of Judgment, ECF No. 25. Pierre filed a Notice of Satisfaction, ECF No. 28, and is no longer a party to this case. Therefore, insofar as Defendants move to dismiss Pierre's claims against them, their Motion is DENIED AS MOOT.

Defendants also move to dismiss Chevez's claims, in part based on the grounds of res judicata. Defs.' Mem. 4. Defendants contend that, when Chevez "previously sued for the same sort of damages" in state court, his case "was dismissed with prejudice after Defendants filed a Motion for Summary Judgment and Plaintiff (and his counsel) failed to properly appear and prosecute the case (and defend the Motion)." *Id.* In Chevez's view, because his "dismissal, with prejudice was appealed *de novo* and thereafter dismissed, without prejudice, Plaintiff Chevez's claims in fact were never dismissed with prejudice or otherwise decided on the merits." Pls.' Opp'n 2. Alternatively, Chevez insists that, even if his claims against SPI are barred, he "should not be precluded from proceeding against co-Defendant Johns," whom he has not sued previously. *Id.* at 3 n.1.

Defendants counter that "there is no evidence to support the notion that the appeal was dismissed without prejudice." Defs.' Reply 1. In any event, Defendants argue that the circuit

3

court dismissal was of "the *right* to appeal," not of the underlying case, because the circuit court did not vacate the district court's judgment. *Id.* at 1–2. Additionally, according to Defendants, Plaintiff cannot proceed against Johns because she "is in privity with Defendant Steel Products, Inc." *Id.* at 2.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). However, if an affirmative defense "'clearly appears on the face of the complaint,'" the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

One such affirmative defense is res judicata, which "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted). "It is well established that dismissals with prejudice – including those resulting from settlement agreements or consent decrees – are treated as final judgments on the merits for purposes of res judicata." *Jacobs v. Venali*, 596 F. Supp. 2d 906, 914 (D. Md. 2009). When considering this

defense, "'a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.'" *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524 n.1). Additionally, "[w]here res judicata is based on a state court judgment, federal courts must 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Id.* (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)).

Here, the prior proceeding was in a Maryland state court, and therefore, this Court will apply Maryland law regarding res judicata. *See id.* Res judicata provides grounds for dismissal if a defendant demonstrates that "[1] the parties in the present litigation are the same or in privity with the parties to the earlier dispute; [2] the claim presented in the current action is identical to the one determined in the prior adjudication; and [3] there has been a final judgment on the merits." *Id.* (quoting *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)); *see Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (stating similar elements under federal law). Even if the plaintiff's legal theory differed in the earlier dispute, res judicata still may bar the current action, provided that "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Ohio Valley Envtl. Coal.*, 556 F.3d at 210 (citation and quotation marks omitted); *see Reid*, 2012 WL 6562887, at *3 (quoting *Ohio Valley Envtl. Coal.*)

As noted, Chevez previously filed suit against SPI in the District Court of Maryland for Montgomery County. Johns, who is the "President and principal owner" of SPI, as well as the one who was "in charge of all day-to-day operations" of SPI at all relevant times, is in privity with SPI. *See Hasan v. Friedman & MacFadyen, P.A.*, No. DKC-11-3539, 2012 WL 3012000, at *7 (D. Md. July 20, 2012) ("'[P]rivity exists when a non-party to the earlier litigation is "so

identified with a party . . . that he represents precisely the same legal right in respect to the subject matter involved."'" (quoting *Vaeth v. Mayor of Baltimore*, No. WDQ-11-182, No. 2011 WL 4711904, at *2 (D. Md. Oct. 4, 2011) (quoting *Martin v. Am. Bancorp. Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005)))). Thus, the first element of res judicata is present. *See Kalos*, 2012 WL 6210117, at *2.

As for the current claim being the same as the previous claim, *see Kalos*, 2012 WL 6210117, at *2, the Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage," *Hasan*, 2012 WL 3012000, at *7. In state court, as in this Court, Chevez alleged that he worked for SPI and was not paid his agreed-upon wages or overtime wages. Thus, the facts are not only "*related* in time, space, origin, or motivation"; they are the same. *See id.* (emphasis added). Put another way, this case "arises out of the same transaction or series of transactions as the claim resolved" in state court. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210. Therefore, the second element of res judicata is present as well. *See Kalos*, 2012 WL 6210117, at *2.

The last element is a final judgment on the merits. *See id.* The parties agree that the state district court dismissed Chevez's case with prejudice, and, as noted, a dismissal with prejudice is a final judgment on the merits. *See Jacobs*, 596 F. Supp. 2d at 914. However, the parties also agree that Chevez appealed to the state circuit court and then moved to dismiss. The circuit court granted Chevez's motion, without noting whether the dismissal was with or without prejudice. In Plaintiff's view, that dismissal was without prejudice and, as the last ruling in the case, was not a final judgment, such that there is no final judgment in his state court litigation. Indeed, in Maryland state court, with exceptions not relevant here, "[u]nless otherwise specified in the

notice of dismissal, stipulation, or order of court, a dismissal is without prejudice." Md. R. 2-506(d). Defendants insist that, regardless of the prejudice, the circuit court only dismissed the appeal, without vacating the district court's dismissal with prejudice of the underlying case. Thus, the issue is what effect the circuit court ruling had on the district court's final judgment.

Notably, when a state district court ruling is appealed to the state circuit court, "[t]he District Court judgment shall remain in effect pending the appeal unless and until superseded by a judgment of the circuit court . . . ." Md. R. 7-112(b). The docket shows that the circuit court did not enter a judgment; it did not even hear the appeal. Rather, the circuit court dismissed the appeal, not the underlying case, upon Chevez's oral motion made before the court could reach the merits. *See* Cir. Ct. Docket 3; Md. R. 7-114 (providing for the circuit court to dismiss a de novo appeal from the district court if appellant moves to dismiss pursuant to Md. R. 7-112, which provides in subsection (f)(1) that "[a]n appellant may dismiss an appeal at any time before the commencement of trial"). Therefore, the district court judgment remained in effect. *See* Md. R. 7-112(b). The third element of res judicata is present. *See Kalos*, 2012 WL 6210117, at *2.

In sum, all of the elements of res judicata are present, and it is clear that Chevez "had a full and fair opportunity to litigate [his] claims against Defendants or their privies during the [state court] proceeding." *See Hasan*, 2012 WL 3012000, at *8. Res judicata bars the case currently before this Court, and Defendants' Motion to Dismiss is GRANTED on that ground.[1]

### III.  CONCLUSION

Defendants have shown the applicability of the affirmative defense of res judicata to Chevez's claims. On that basis, Defendants' Motion to Dismiss is GRANTED as to Plaintiff

---

[1] Defendant also argues for dismissal on the ground that Plaintiff failed to state a claim under any of his causes of action. Defs.' Mot. ¶¶ 2–5. I need not address this argument because res judicata bars all of Plaintiff's claims.

Chevez's claims, and Plaintiff's Complaint is DISMISSED.  Defendants' Motion is DENIED AS MOOT as to Plaintiff Pierre's claims.  The Clerk shall CLOSE this case.

    So ordered.

Dated: February 13, 2014                        /S/
                                                         Paul W. Grimm
                                                         United States District Judge

lyb